J-S26016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD AARON RENNINGER | : | |
| | : | |
| | : | No. 1294 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000222-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED SEPTEMBER 01, 2020**

Chad Aaron Renninger appealed from the judgment of sentence entered following his jury trial convictions for two counts of indecent assault of a child less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7). Renninger claims the trial court erred in denying his motions to quash the information, to transfer the case to the juvenile division, to sever cases, to compel discovery, and to dismiss pursuant to the infancy defense. He also argues the court abused its discretion in imposing sentence and that it imposed an illegal sentence. We affirm.

In 2017, a Criminal Complaint was filed charging Renninger with crimes related to two victims, K.A.G. and C.A.B. It charged Renninger with rape,

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggravated indecent assault of a child, sexual assault, statutory sexual assault, aggravated indecent assault, and indecent assault of K.R.G. and with indecent assault of C.A.B.[1] The Complaint accused Renninger of committing the crimes when K.R.G. was 12 years old and, for the statutory sexual assault charge, it listed Renninger's age at the time of the crime as 17 years old. The Complaint alleged the offenses occurred "on or about . . . January 1, 1997 through 6/30/2001," and listed Renninger's birthday as February 1984. The affidavit of probable cause stated:

> [K.R.G.] disclosed acts of sexual assault that occurred against her by [Renninger] over a four year span. Beginning when [K.R.G.] was 8 years old and conclude[ing] when the victim was 12 years old. These acts included [Renninger] sticking his hands inside [K.R.G.]'s panties and touching her vaginal area, [Renninger] sticking his hands up [K.R.G.'s] shirt and touching her chest, and [Renninger] placing [K.R.G.'s] hands down his pants to have her touch his penis. When [K.R.G.] was 12 years old and [Renninger] was 17 years of age, [K.R.G.] was held against a wall of a second-story bathroom while [Renninger] forcefully inserted his penis into her vagina.
>
> . . . [C.A.B.] disclosed acts of indecent assault against her by [Renninger]. [She] related she was descending into a pool at [Renninger's] residence. [C.A.B.] related she slipped from the ladder and [Renninger] caught her by her hips. [C.A.B.] related [Renninger] then placed his hands on her vagina, over her bathing suit. [C.A.B.] was 7 years of age when this incident occurred while [Renninger] was 16 years old.

Affidavit of Probable Cause, filed Oct. 31, 2017.

In May 2018, an Amended Information ("Information") was filed, charging Renninger with rape, aggravated indecent assault of a child, sexual

---

[1] 18 Pa.C.S.A. §§ 3121(a)(6), 3125(b), 3124.1(a), 3122.1(a), 3125(a)(7), and 3126(a)(7), respectively.

assault, statutory sexual assault, and aggravated indecent assault, and five counts of indecent assault where the victim was K.R.G and one count of indecent assault of C.A.B. The Information listed "01/01/1997" in the space that requested the "[o]n or about" date. It, however, listed K.R.G.'s age as 12 for certain crimes and, for others, stated the indecent contact happened "on numerous occasions between the dates of January 1, 1997 through June 30, 2001." *See* Amended Information, filed May 17, 2018.

Renninger filed a motion for a Bill of Particulars, which the trial court granted. In June 2019, the Commonwealth provided a Bill of Particulars stating that the rape, aggravated indecent assault, sexual assault, statutory sexual assault, and aggravated indecent assault charges, and one indecent assault charge, occurred in May or June of 2001, in the second-floor bathroom of a specific address on Twin Church Road, Knox, PA.

The Bill of Particulars further asserted that, at the time, K.R.G. was 12 years old and Renninger was 17 years old. It also stated that four of the five indecent assault charges where K.R.G. was the victim stemmed from various times K.R.G. alleged Renninger touched her vagina or breasts or had her touch his penis, which occurred "at some point when the victim was between the ages of 8-12 years old (6[/97-6/02])." Bill of Particulars, filed June 25, 2018, at ¶ 6-9. The indecent assaults occurred in an upstairs bedroom or bathroom of the same Twin Church residence. *Id.* The Bill of Particulars alleged that the conduct underlying the indecent assault charge for C.A.B. occurred at the Twin

Church residence "in the warm weather months of 2000 when [C.A.B.] was 7 years of age and [Renninger] was 16 years old." *Id.* at ¶ 11.

Renninger filed an omnibus pretrial motion, which included a motion to quash the Information and dismiss prosecution because the Information did not comport with the dates alleged in the Bill of Particulars. It further argued that the dates in the Information and Bill of Particulars were impermissibly vague and indefinite; some of the counts charged were barred by the statutes of limitations; and the delay in prosecution is unreasonable, unduly prejudicial and violative of Renninger's constitutional right to due process. Renninger also argued in the motion that the Commonwealth had charged him with crimes that did not exist on the dates alleged, and that the delay in the commencement of the prosecution, and the Commonwealth's instituting the charges in criminal court, deprived Renninger of his right to be treated as a juvenile. The omnibus pre-trial motion also included a motion to transfer the case to the juvenile division, a motion to sever cases, and a notice of infancy defense.[2] The court denied the motion.

Renninger also filed a motion to compel discovery of K.R.G.'s military discharge information. The Court ordered the Commonwealth to ask K.R.G. to produce information regarding her military discharge and provide such information to Renninger's counsel. The Commonwealth contacted K.R.G., who indicated she would not provide a copy of the forms related to her

---

[2] The motion also included a petition for writ of habeas corpus, motion for appointment of expert witness, and motion to compel discovery.

- 4 -

discharge, as her discharge was not connected to the allegations made against Renninger. The court then denied the motion to compel.

A jury trial occurred in May 2019. The jury convicted Renninger of two counts of indecent assault of K.R.G. It found him not guilty of rape, aggravated indecent assault of a child, aggravated indecent assault, sexual assault, statutory sexual assault, and four counts of indecent assault of a child. The trial court sentenced Renninger to two consecutive terms of 12 to 60 months' imprisonment for the indecent assault convictions. Renninger filed a timely notice of appeal.

Renninger raises the following issues on appeal:

> 1. Whether the trial court committed reversible error by denying [Renninger's] motion to quash the information?
>
> 2. Whether the trial court committed reversible error by denying defendant's motion to transfer case to juvenile division?
>
> 3. Whether the trial court committed reversible error by denying [Renninger's] motion to sever cases?
>
> 4. Whether the trial court committed reversible error by denying [Renninger's] motion to compel discovery?
>
> 5. Whether the trial court committed reversible error by denying [Renninger's] motion to dismiss pursuant to the infancy defense?
>
> 6. Whether the court improperly aggravated [Renninger's] sentence without giving aggravating factors?
>
> 7. Whether the sentence is illegal as consecutive?

Renninger's Br. at 5-6.

In his first issue, Renninger argues the trial court erred in denying his motion to quash the information based on various arguments related to the alleged dates of the crime.

"The decision to grant or deny a motion to quash a criminal information or indictment 'is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion.'" *Commonwealth v. Brown*, 620 A.2d 1213, 1214 (Pa.Super. 1993) (quoting *Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa.Super. 1980)).

Renninger first argues that the Commonwealth did not meet its burden of proof as to the dates the crimes were alleged to have been committed, and that the dates in the Bill of Particulars were impermissibly indefinite and vague. He maintains he was "deprived of any reasonable ability to identify an alibi defense and to otherwise mount a reasonable defense to the charges." Renninger's Br. at 18. Renninger relies on *Commonwealth v. Devlin*, 333 A.2d 888 (Pa. 1975), and concludes that, as in *Devlin*, the Commonwealth here failed to fix the date of the offenses with any reasonable certainty, thereby depriving "[Renninger] of the ability to establish an alibi defense, and otherwise depriv[ing] [Renninger] of any reasonable ability to defend himself from the charges." Renninger's Br. at 29.

Renninger further argues that the dates in the Information do not conform with the dates alleged in the Bill of Particulars. He claims the Commonwealth is required to prove the Information at trial and, as part of that burden, must prove the date of the commission of the alleged offenses.

According to Renninger, the averments in the Bill of Particulars failed to meet this burden, and the Information should therefore have been quashed.

Renninger further claims the dates in the Information and Bill of Particulars are impermissibly vague and indefinite. He argues that he is entitled to fair notice by the Information as to what he must defend against and the Commonwealth must prove the Information beyond a reasonable doubt. He claims the "Information in this case fails to do so and the dates of the alleged offenses is best described as moving targets." *Id.* at 32. He argues he was "deprived of any ability to identify an alibi defense or otherwise mount a reasonable defense to the charges," and that the prejudice caused by the vagueness "is further compounded by the fact that the allegations are between 15 and 20 years old, and both the alleged victims and [Renninger] were young children at the time." *Id.*

The trial court denied the motion to quash. It relied on cases from our Court in which we stated that a variance from the Information "is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense." Trial Court Opinion, filed Oct. 29, 2018, at 3 ("Pre-Trial Motion Op.") (citing **Commonwealth v. Einhorn**, 911 A.2d 960, 977-78 (Pa.Super. 2006) and **Commonwealth v. Morrison**, 118 A.2d 258, 260 (Pa.Super. 1955)). The court noted that the Commonwealth acknowledged the date in the Information was not accurate, and that it provided more specific dates and periods in the Bill of Particulars, and provided an

explanation of the times of the alleged offenses in its trial court brief. The Commonwealth did not intend to prove at trial that the crimes occurred on the dates in the Information. The court further addressed Renninger's claim that the dates in both the Information and Bill of Particulars were vague. It noted that "[n]either the adequacy nor competency of the Commonwealth's evidence can be tested by a motion to quash." *Id.* at 4 (citing *Commonwealth v. Kane*, 188 A.3d 1217, 1227 (Pa.Super. 2018)).

In *Commonwealth v. Devlin*, the Pennsylvania Supreme Court held that due process requires the Commonwealth to fix the date of the commission of the offense with reasonable certainty. 333 A.2d 888, 890 (Pa. 1975). There, the Commonwealth charged the defendant with one count of sodomy of an intellectually disabled individual, where the assault could have occurred at any time during a fourteen-month period. *Id.* at 892. The Supreme Court concluded this broad period violated the defendant's due process rights because it substantially denied him an opportunity to present an alibi defense and to attack the victim's credibility. *Id.* at 891. The Court, however, noted that:

> [t]he pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

*Id.* at 892 (citations and quotation marks omitted). Following ***Devlin***, this Court has held that "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." ***Commonwealth v. Groff***, 548 A.2d 1237, 1241 (Pa.Super. 1988); ***Commonwealth v. Luktisch***, 680 A.2d 877, 880 (Pa.Super. 1996). Further, the Commonwealth "must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." ***Groff***, 548 A.2d at 1242; ***Commonwealth v. Benner***, 147 A.3d 915, 921 (Pa.Super. 2016). We have held that "the due process concerns of ***Devlin*** are satisfied where the victim … can at least fix the times when an ongoing course of [abuse] commenced and when it ceased." ***Commonwealth v. G.D.M, Sr.***, 926 A.2d 984, 990 (Pa.Super. 2007); ***Benner***, 147 A.3d at 921.

Further, although the Commonwealth must "fix the date when an alleged offense occurred within reasonable certainty," it "does not always need to prove a single specific date of an alleged crime." ***Einhorn***, 911 A.2d at 977-78 (citations omitted). Rather, "[p]ermissible leeway varies with the nature of the crime and the age and condition of the victim balanced against the rights of the accused." *Id.* at 978. "The purpose of the indictment is to provide the accused with sufficient notice to prepare a defense." *Id.* "A variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense." *Id.*

The trial court did not abuse its discretion. Although the dates in the Information were listed as a broad date range, from 1997 through 2001, the Complaint provided the ages of the victim and Renninger at the time of the crimes, and the Bill of Particulars narrowed the date range even further. At the time of trial, the dates were not vague, and it was not error to allow the Commonwealth to attempt to prove the crimes at trial.

Renninger next argues that the statute of limitations barred at least two counts, sexual assault and statutory sexual assault. He concedes that he was acquitted of these charges, but argues that the "charges in and of themselves were prejudicial to [Renninger] and may have caused the jury to convict on lesser charges." Renninger's Br. at 18.

He claims that, in 1997, the statute of limitations required that a criminal case be commenced within five years if charging a defendant with statutory sexual assault and sexual assault. He further claims that, in 2002, the statute was amended to provide that prosecution must commenced within 12 years and, in 2006, to allow for prosecution for crimes that occurred on a minor to commence up to the later of the period of limitations provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age. He claims the statutory assault charge and sexual assault charge carried a five-year limitations period under the statute in effect in 1997, and argues because they were not commenced by January 1, 2002, the claims are barred.

The trial court concluded the statute of limitations did not bar prosecution. It noted that although the Information listed a 1997 date, the Complaint and the Bill of Particulars listed a May-June 2001 date. The court reasoned that "the Commonwealth may be able to prove a date of commission of the underlying offense that is different than the 1997 date stated in the Information," which would mean that the statute of limitations may not have expired as of the filing of the Complaint in October 2017. Pre-Trial Motion Opinion at 5.

Even assuming that the acquittals did not render this issue moot, it still does not merit relief. Renninger makes no argument that the statute of limitations expired by the time of trial, if the crimes occurred in May or June of 2001, which is the date listed in the Complaint and the Bill of Particulars, and the date the Commonwealth proved at trial. Further, if the crime occurred in May or June of 2001, as the Commonwealth argued at trial, the statute of limitations would not expire until the complainant reached 50 years of age. The trial court did not abuse its discretion or err.

Renninger next argues that the delay in the prosecution of the case deprived him of his right to due process. He maintains that the Information was filed more than 21 years after the offenses were committed, that is, January 1, 1997, and the "inordinate delay worked an unreasonable prejudice to [Renninger] and unreasonably undermined [Renninger's] ability to mount a reasonable defense to the charges." Renninger's Br. at 19. He argues that "[i]n spite of controlling precedent, the applicable statute of limitations is

unconstitutional, as [Renninger] was unjustly deprived of [Renninger's] right of due process afforded to him and protected by the Fourteenth Amendment of the Unites States Constitution and Article I, Section 9 of the Pennsylvania Constitution." *Id.* at 44. He further argues the delay in prosecution resulted in a denial of his constitutional rights because, if the charges had been brought at the time, he would have been treated as a juvenile.

The trial court concluded that "[t]here is no legal precedent which supports [Renninger's] position and the motion will be denied." Pre-Trial Motion Op. at 6. This was not error, as Renninger provides no case law to support his claim of a due process violation, and in fact concedes the law does not support his claim.

Renninger also argues that the Commonwealth charged him with violating a provision that was not in effect on the alleged date of the crime, which violated the *Ex Post Facto* Clause. Renninger argues he was charged with six counts of indecent assault of a person less than 13, 18 Pa.C.S.A. § 3126(a)(7), which includes terms that did not exist at the time the Information alleged the conduct occurred.

In 1997 and 2001, indecent assault of a person under the age of 13 was defined as: "A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if: . . . the complainant is less than 13 years of age." 18 Pa.C.S.A. § 3126(a)(7) (amd'd Nov. 23, 2005, eff. January 23, 2006). The statute has since been amended to prohibit not only having indecent contact

with a complainant or causing a complainant under age 13 to have indecent contact with the defendant, but also "intentionally caus[ing] the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant." 18 Pa.C.S.A. § 3126(a)(7).

The trial court concluded that there was no *ex post facto* violation. Pre-Trial Motion Op. at 6. The trial court reasoned that the Information did not allege that Rennigner caused the victims to come into contact with seminal fluid, urine, or feces. *Id.* at 6-7.[3] We agree. The Information alleged Renninger had indecent contact with the victims or caused the victims to have indecent contact with him. It did not allege he caused the victims to come into contact with seminal fluid, urine, or feces.

Renninger next claims the court erred in denying his motion to transfer the case to the juvenile division, claiming this denied him of his "constitutional rights to due process and equal protection afforded by the Fourteenth

_____

[3] Before the trial court, Renninger also claimed the crimes of rape and aggravated assault of a child under the age of 13 did not exist at the offenses occurred. He does not present argument on this claim in his brief, and therefore abandoned the claim.

Further, we agree with the trial court that no *ex post facto* violation exists. It noted that the crime of rape of a victim less than 13 years old did exist in 1997 and in 2001, but was a different section, 18 Pa.C.S.A. § 3121(6). *Id.* It further noted that Renninger referenced the incorrect aggravated assault subjection – 3125(b). *Id.* Renninger was rather charged with 18 Pa.C.S.A. § 3125(a)(7), which did exist in 1997 and in 2001. *Id.*

Amended to the United States Constitution and Article I, Sections 9 & 26 of the Pennsylvania Constitution." Renninger's Br. at 20.

The trial court denied the motion because, at the time of arrest, Rennigner was not a child under the definition contained in the Juvenile Act and was not entitled to transfer. Pre-Trial Motions Opinion at 8.

The trial court did not err. As relevant to this case, the Juvenile Act defines "child" as "[a]n individual who . . . is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years." 42 Pa.C.S.A. § 6302. As we concluded in **Commonwealth v. Monaco**, "in light of the Act's definition of a child, it is clear that the relevant determination is not limited to the offender's age at the date the crime is committed; jurisdiction also is determined by the actor's age when the proceedings commence." 869 A.2d 1026, 1031 (Pa.Super. 2005). Because Renninger was over the age of 21 when the proceedings commenced, the juvenile court lacked jurisdiction and he was not entitled to a transfer to that court.

Renninger next argues that the court erred in denying his motion to sever the charge related to C.A.B. from the charges related to K.R.G. Renninger's Br. at 50. He claims that the Commonwealth failed to allege a common act, plan, or scheme, or that the offenses were the result of the same act or transaction. He claims the evidence of the alleged crimes against C.A.B. would not have been admissible in a trial for the crimes alleged against K.R.G. He further argues he was prejudiced by the joint trial because the evidence

would improperly bolster the credibility of the complainants, and the evidence would have the tendency to establish bad character evidence.

We review an order denying motion for severance for an abuse of discretion and we will not disturb the decision absent a showing of manifest abuse of discretion. *Commonwealth v. Presbury*, 665 A.2d 825, 827–28 (1995); *see also Commonwealth v. Grillo*, 917 A.2d 343, 343 n1 (Pa.Super. 2007) (*en banc*).

Pennsylvania Rule of Criminal Procedure 563 governs the joinder of offenses in an information and provides:

> (A) Two or more offenses, of any grade, may be charged in the same information if:
>
> > (1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]

Pa.R.Crim.P. 563(A)(1).

When offenses are not based on the same act or transaction, courts apply the following test to determine whether joinder is proper:

> [W]hether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa.Super. 2005) (quoting *Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988)).

Evidence of other crimes or bad acts is not admissible to prove that the defendant acted "in conformity with those acts or to demonstrate a criminal propensity." **Commonwealth v. Brown**, 52 A.3d 320, 325 (Pa.Super. 2012); Pa.R.Evid. 404(b). The evidence, however, may be admissible for another purpose such that an exception to the rule would apply. **Brown**, 52 A.3d at 325.

The trial court found that the evidence of crimes against K.R.G. would be admissible as evidence of absence of mistake or accident in a trial on the charge of the crime against C.A.B. Trial Court Opinion, filed Jan. 9, 2019, at 3 ("Motion to Sever Opinion"). The court further noted that the counts involved a similar timeframe and similar conduct and evidence that one victim was assaulted may be admissible as evidence the other was assaulted, due to a common plan or scheme. **Id.** at 3 (**Commonwealth v. Aikens**, 990 A.2d 1181, 1185 (Pa.Super. 2010)). It further noted the jury would not be confused, as there were different victims and different locations. **Id.** at 4. The court concluded that the "case involve[d] two complainants who were children at the time of the alleged assaults and they were alleging sexual assaults by [Renninger] over a five year period. The assault against one victim may be evidence that [Renninger] had a motive or common plan of sexually assaulting minors for his own sexual gratification and thus, evidence in support of the other victim's allegations." **Id.** The evidence would not be presented "solely to show that [Renninger] had a propensity to participate in criminal activity or prove his bad character." **Id.**

The trial court did not abuse its discretion. The evidence as to the each victim would have been admissible in a trial as to the other victim, as evidence of absence of mistake and of common plan or scheme. Further, the admission of the evidence would not confuse the jury.

Renninger claims the court erred in denying his motion to compel the disclosure of K.R.G.'s military paperwork, including paperwork related to her discharge. He argues he was prejudiced by this ruling because he was "denied the opportunity to develop testimony in this regard." *Id.* at 21. Renninger claims the information related to K.R.G.'s military discharge is relevant because, if she was less than honorably discharged, it would have undermined her credibility. He claims that, contrary to the court finding, the discharge information "was within the Commonwealth's ready and reasonable ability to obtain or request." Renninger's Br. at 57.

After Renninger filed a motion to compel discovery of K.R.G.'s military record, the trial court found the Commonwealth did not have possession of the record, but ordered that the Commonwealth ask K.R.G. to voluntarily produce the military discharge paperwork. The Commonwealth complied with the order, asking K.R.G. to provide her military record. We see no error in this ruling, and Renninger has not cited any law to the contrary. Furthermore, his argument is based on speculation, as he has not asserted that the discharge was, in fact, less than honorable, or otherwise relevant.

Renninger also claims the court erred in failing to dismiss all charges pursuant to the infancy defense. He claims he would have been 12 at the time

- 17 -

of the alleged crimes and that a child who is alleged to have committed a crime between the ages of 7 and 14 is presumed to be incapable of committing a crime, but the presumption can be rebutted if the Commonwealth shows the defendant possessed the criminal capacity. He claims that because the Commonwealth did not present relevant evidence of Renninger's capacity as of the time of the alleged crimes, all charges should have been dismissed.

The common law defense of infancy provides the following:

> In Pennsylvania we have followed the common-law rule in measuring the capacity of a child to commit a crime. A child under the age of 7 years is conclusively presumed incapable of the commission of a crime; a child between the ages of 7 and 14 years is likewise presumed incapable of committing a crime but such presumption is subject to refutation by evidence that the child does possess the criminal capacity; a child over the age of 14 years is prima facie capable of the commission of a crime.

***Commonwealth v. Martz***, 118 A.3d 1175, 1180 (Pa.Super. 2015) (quoting ***Commonwealth v. Green***, 151 A.2d 241, 246 (Pa. 1959)). "[T]he common law defense of infancy remains applicable in criminal proceedings where a defendant is being prosecuted for conduct committed before the age of fourteen." ***Martz***, 118 A.3d at 1181.

The court concluded that, if Renninger was under the age of 14 at the time of the alleged offenses, he could raise the common law defense or infancy. Quashal on this basis, however, was not proper. Pre-Trial Motion Opinion at 8.

This was not error. If at trial the evidence had established that Renninger was under the age of 14 at the time of the crimes, he would have

been entitled to raise the defense of infancy. Such a defense, however, does not require quashal.

Renninger also challenges his sentence. He argues the court failed to put reasons on the record for sentencing Renninger in the aggravated range of the sentencing guidelines.

Renninger's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Beatty*, 227 A.3d 1277, 1286-87 (Pa.Super. 2020). Before we address the merits of such a challenge we must determine whether: 1) the appellant preserved the issue; 2) the appeal is timely; 3) the brief includes a Pa.R.A.P. 2119(f) statement; and 4) the appellant has raised a substantial question. *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa.Super. 2015).

Renninger did not filed a post-sentence motion to preserve this issue and has therefore waived the claim. *See Commonwealth v. Bullock*, 948 A.2d 818, 826 (Pa.Super. 2008) (finding challenge to court's alleged failure to state reasons for the sentence on the record to be waived where not raised in a post-sentence motion or at sentence, because trial court not provided opportunity to modify or reconsider sentence).

Renninger further argues the court did not state on the record the sentence would be consecutive and, therefore, it should be concurrent. At the sentencing hearing the trial court stated:

> [O]n each of the two counts of Indecent Assault of a Child less than 13 Years of Age, [Renninger] shall be incarcerated under the supervision of the Pennsylvania Department of

> Corrections for a period of not less than twelve (12) months nor more than sixty (60) months. The sentences shall run consecutively for an aggregate period of incarceration of not less than twenty-four (24) months nor more than 120 months.

N.T., 7/10/19, at 11. The sentencing order provided the same. Sentence, filed July 23, 2019. The court therefore did state on the record that the sentences would be consecutive, and Renninger's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2020