**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Paul P. MONACO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 2004.

Filed Feb. 24, 2005.

Steven F. Fairlie, Lancaster, for appellant.

Bruce L. Castor, Jr., Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: FORD ELLIOTT, BOWES and MONTEMURO *, JJ.

OPINION BY BOWES, J.:

¶ 1 Paul P. Monaco appeals from the February 6, 2004 order denying PCRA relief. We affirm.

¶ 2 The trial court summarized the pertinent facts and procedural history as follows:

On September 17, 2002, Trooper Colleen J. Young, a member of the Pennsylvania State Police Criminal Investigation Unit, received a referral from Montgomery County Children and Youth Services regarding a report of alleged sexual abuse perpetrated by the [d]efendant upon two underage females. A police investigation ensued in response to the aforementioned referral, revealing a third victim, also a minor, and, in November, 2002. Trooper Young interviewed the three victims, who related various incidents of abuse an/or assault perpetrated upon them by the Defendant, primarily within a bedroom in one of the victim's home [sic] at 4 Mine Hill Road, Lower Frederick Township, Montgomery County. (Affidavit of Probable Cause, November 18, 2002).

The first victim related that the [d]efendant had sexual intercourse with her frequently from approximately July of 1995 through May of 1998, beginning when she was ten years of age and the [d]efendant fifteen years old, their birthdates falling, respectively, on November

* Retired Justice assigned to Superior Court.

22, 1984, and April 14, 1980. The incidents with respect to the second victim occurred in approximately May 1998, when she was eight years old, and continued through January 2002. The third of Mr. Monaco's victims, born October 21, 1985, was also approximately eight years of age when she was first assaulted by the [d]efendant, whose abuse of this particular child reportedly continued through June of 1996.

It was, however, not until November 18, 2002, that a criminal complaint was issued, charging the [d]efendant with the offenses which he had reportedly perpetrated upon his three young female victims. At the time of the complaint's issuance and his subsequent arrest, the [d]efendant was twenty-two years of age, and neither his status as an adult offender nor the jurisdiction of the trial court was thereafter brought into question until the filing of Mr. Monaco's Amended PCRA Petition on November 28, 2003, approximately seven (7) months following the entry of his negotiated guilty plea.

Trial Court Opinion, 6/30/04, at 3–4.

¶ 3 On April 24, 2003, Appellant entered a negotiated guilty plea to attempted rape of a person less than thirteen years old and two counts of corruption of a minor. Sentencing occurred immediately thereafter, and pursuant to the plea agreement, the trial court imposed a five-to-ten-year term of imprisonment for attempted rape and two consecutive five-year terms of probation. Appellant did not appeal from the judgment of sentence. Instead, on August 26, 2003, he filed a timely *pro se* PCRA petition. Appointed counsel then filed an amended petition. After a hear-

ing, the PCRA court denied relief on February 6, 2004. This timely appeal followed.

¶ 4 Appellant raises the following issues.

I. Did the Trial Court err by ruling that it had jurisdiction to try and sentence Appellant as an adult for crimes that he committed as a juvenile?

II. Did the Trial Court err by not ruling that conferring adult jurisdiction and imposing a five year prison sentence upon an individual for crimes committed while the individual was a juvenile violated the Equal Protection, Due Process and Cruel and Unusual Punishment clauses of the United States and Pennsylvania Constitution, and that all counsel who failed to make these argument[s] were ineffective to the extent they failed to do so?

Appellant's brief at 4.

■■■■ ¶ 5 Our standard of review of an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 142, 732 A.2d 582, 586 (1999). The PCRA court's findings will not be disturbed as long as they are supported by the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

■■■ ¶ 6 First, Appellant argues that the trial court lacked jurisdiction because he was less than eighteen years old when the crimes to which he pled guilty were committed. Appellant argues that the trial court erred in failing to transfer the case to juvenile court pursuant to the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*[1]

---

1. The Juvenile Act defines child as "[a]n individual who:
    (1) is under the age of 18 years;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

¶7 The Commonwealth counters that Appellant was properly sentenced as an adult because he was twenty-two years old when the victims reported the crimes to the police. Hence, according to the Commonwealth, Appellant was not eligible to be tried in Juvenile Court because the Act expressly limits its jurisdiction to individuals under twenty-one years old, notwithstanding their age at the time the offenses occurred.

¶8 We addressed a similar issue in *Commonwealth v. Anderson*, 428 Pa.Super. 92, 630 A.2d 47 (1993), and held that a defendant who was arrested at age twenty-two for a crime he committed when he was sixteen years old could be tried as an adult. The defendant in that case originally was arrested when he was sixteen years old and charged as a juvenile with possession of an instrument of crime, possession of a weapon, recklessly endangering another person, simple assault, and aggravated assault for attacking another teenager with a baseball bat. However, the defendant failed to appear at the juvenile court hearing. Approximately six years later, the defendant was arrested for unrelated charges, and the Commonwealth elected to charge the defendant as an adult for the crimes committed when he was sixteen. The trial court, however, refused to try the defendant as an adult and dismissed the charges for lack of subject matter jurisdiction. On appeal, this Court reversed the order dismissing the charges against the defendant, reasoning that since the defen-

dant's age at the time of prosecution was beyond that specified in the Juvenile Act's definition of a child, the Act was not applicable and the defendant should be tried as an adult. We reached our conclusion mindful of the fact that the defendant denied himself the opportunity to be tried as a juvenile by evading the authorities for five years. *See also Commonwealth v. Sims*, 379 Pa.Super. 252, 549 A.2d 1280 (1988) (where defendant refused to reveal his age, he failed to avail himself of opportunity to have case transferred to juvenile court).

■ ¶9 For the following reasons, we sustain the PCRA court's decision to apply *Anderson* to the facts of this case and deny Appellant's PCRA petition. The right to be treated as a juvenile offender is statutory rather than constitutional. *See Commonwealth v. Cotto*, 562 Pa. 32, 753 A.2d 217 (2000). Further, the Juvenile Act expressly affords protections to a child, which it defines in pertinent part as an individual who "is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years." 42 Pa.C.S. § 6302. Instantly, Appellant was twenty-two years old at the time he was arrested for the relevant offenses. Accordingly, Appellant did not satisfy the statutory definition of a child at that time, and he no longer fell within the ambit of the juvenile justice system. Hence, the trial court did not err in applying the *Anderson* Court's express rationale to this case.[2] "[The defendant's] **current age**

---

(3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years.
42 Pa.C.S. § 6302.

2. Appellant failed to cite a single case that challenges the PCRA court's rationale or supports the position that a defendant's current age is not relevant to the Act's jurisdictional scope. Our independent research also failed to reveal authority that supports Appellant's argument. Indeed, our research of the federal Juvenile Delinquency Act disclosed the contrary position. *See, e.g., U.S. v. Doe*, 631 F.2d 110 (9th Cir.1980) (under Juvenile Delinquen-

places him outside of the Juvenile Act's definition of a child. Therefore, the Juvenile Act does not apply to him . . . [and] he should be tried as an adult in the Trial Division." *Anderson, supra* at 49–50 (emphasis added).

¶ 10 We note that the case *sub judice* differs from *Anderson* to the extent that Appellant was not responsible for the delay in his prosecution. However, the delay in this case cannot be attributed to the Commonwealth either; the Commonwealth initiated the criminal proceedings approximately two months after the date it first received notice of the allegations against Appellant. Absent some improper motivation for the delay, we conclude that *Anderson* is applicable. *Accord U.S. v. Hoo,* 825 F.2d 667 (2d Cir.1987) (defendant charged two weeks after twenty-first birthday was not entitled to protection of Juvenile Delinquency Act for offenses committed prior to eighteenth birthday, even though delay was through no fault of his own); *U.S. v. Tsang,* 632 F.Supp. 1336 (S.D.N.Y.1986) (Juvenile Delinquency Act did not apply to defendant charged after his twenty-first birthday for crimes committed prior to eighteenth birthday; legitimate basis existed for delay in prosecution).

¶ 11 We further note that since the Juvenile Act is tailored to a child's special needs, the purpose of the Act cannot be extended to adult offenders. The Act's goals of providing "care, protection, safety and wholesome mental and physical development of *children* who fall within its jurisdiction," clearly are inapplicable. Trial Court Opinion, 6/30/04, at 8 (emphasis in original) (citing 42 Pa.C.S. § 6301(b)). Indeed, our Supreme Court recognized this dichotomy in *Commonwealth v. Iafrate,*

527 Pa. 497, 594 A.2d 293 (1991), explaining that while the criminal justice system is penal, our juvenile system is primarily rehabilitative. *See id.* (holding that for purposes of Juvenile Act, birthday occurs on anniversary of date of birth and declining to extend common-law rule that person reaches majority on day prior to eighteenth birthday).

¶ 12 Next, we address Appellant's contention that all previous counsel erred in failing to level a claim that the court's decision to prosecute Appellant in criminal court and impose a five-year term of imprisonment violated his constitutional rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. Appellant's constitutional challenges all relate to the trial court's purported lack of jurisdiction to prosecute and sentence Appellant in criminal court.

■ ¶ 13 At the outset, we state the relevant standard of review.

When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner—i.e., that there is a reason-

cy Act, jurisdiction determined at date information filed); *In re Martin,* 788 F.2d 696 (11th Cir.1986) (crucial date for determining

jurisdiction pursuant to Juvenile Delinquency Act was date government instituted proceedings, not date of offense).

able probability that, but for the error of counsel, the outcome of the proceeding would have been different. *See Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). We presume that counsel is effective, and it is the burden of Appellant to show otherwise. *Commonwealth v. Stevens*, 559 Pa. 171, 739 A.2d 507, 512 (1999); *see Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001); *Commonwealth v. Legg*, 551 Pa. 437, 711 A.2d 430, 432–33 (1998).

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004).

¶ 14 Instantly, Appellant's ineffective-assistance-of-counsel claim is without arguable merit. Appellant asserts that since the trial court lacked jurisdiction over a crime he committed as a juvenile, he was denied the basic elements of procedural due process. However, as noted *supra*, Appellant's age at the time the criminal matter was initiated precluded the juvenile court's jurisdiction; instead, Appellant was within the criminal court's jurisdiction. *See Anderson, supra* (defendant tried as adult where his age at date of arrest was beyond Juvenile Act's jurisdictional definition of child). Since prior counsel cannot be deemed ineffective for failing to assert a meritless claim, no relief is due. *See Commonwealth v. Nolan*, 579 Pa. 300, 855 A.2d 834 (2004).

■ ¶ 15 Appellant's second challenge to trial counsel's stewardship also is meritless. Appellant contends that he should have been treated as any other juvenile who committed a crime prior to his eighteenth birthday and argues that trial counsel failed to object to the court's denial of his constitutional right to equal protection. However, in light of the Act's definition of a child, it is clear that the relevant determination is not limited to the offender's age at the date the crime is committed;

jurisdiction also is determined by the actor's age when the proceedings commence. *See Anderson, supra*; 42 Pa.C.S. § 6302(2) (child is individual under age twenty-one who committed delinquent act before reaching age of eighteen). Hence, as Appellant properly was treated as an adult, he was not denied equal protection of the law. Therefore, his ineffectiveness claim is meritless.

■ ¶ 16 Finally, considering the heinous nature of the sexual offenses and the fact that the maximum legal sentence for attempted rape is twenty years imprisonment, we conclude that Appellant's assertion that his negotiated, five-to-ten-year term of imprisonment for attempted rape constitutes cruel and unusual punishment is meritless. Since counsel cannot be deemed ineffective for failing to raise a meritless claim, no relief is due. *Nolan, supra.*

¶ 17 As the PCRA court's determination is supported by the record and free of legal error, we affirm the order denying post-conviction relief.

¶ 18 Order affirmed.