J-A09029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
SHANE EDWARD WRIGHT　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Appellant　　　　　　　　:　　No. 399 MDA 2022

Appeal from the Judgment of Sentence Entered February 4, 2022
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000227-2020

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:　　　　　　　　　　　**FILED JUNE 11, 2023**

Appellant, Shane Edward Wright, appeals from the judgment of sentence entered February 4, 2022.  We affirm.

The trial court summarized the relevant facts of this case as follows:

> [The offenses in this matter were based upon Appellant's conduct, over a period of several years, with] a young girl many years his junior.  [In particular, t]he incidents began when the victim was [four] or [five] years old and continued until she was [eight] or [nine].  [Appellant] was in his teens at the time [of the offenses].  … The acts consisted of touching her breast[s] and vagina.  At one point, [the victim] indicated that there was penetration by [Appellant's] penis of her vagina.  At least one incident . . . occurred while [Appellant] was an adult.  [The victim in this matter did not come forward to the police until approximately 2020, when she was in her early twenties and Appellant was in his mid-thirties].

Trial Court Opinion, 6/6/22, at 1.  Based upon the foregoing, the Commonwealth charged Appellant with rape – complainant less than 13-years-old; aggravated indecent assault – complainant less than

16-years-old; 59 counts of aggravated indecent assault – complainant less than 13-years-old; and 59 counts of indecent assault – complainant less than 13-years-old.

On August 25, 2021, the day before trial was set to commence, Appellant's counsel realized that the Commonwealth failed to produce a videotape of a recorded interview of the victim, which was requested in formal discovery. N.T. Trial, 8/26/22, at 3. Counsel then contacted the Commonwealth, which produced the recorded interview at 4:00 p.m. that day. *Id*. When Appellant's counsel attempted to watch the recorded interview, however, he discovered it was inaudible. *Id*. at 4. Accordingly, on August 26, 2021, the day of trial, Appellant requested a continuance. *Id*. Ultimately, the trial court denied Appellant's request based upon the Commonwealth's representation that the recorded interview was consistent with the police report, as well as the victim's testimony during the preliminary hearing, and that the Commonwealth would not seek to admit the recorded interview into evidence during trial. *Id*. at 4-6. The matter therefore proceeded to a jury trial, wherein the jury found Appellant guilty of rape – complainant less than 13-years-old;[1] aggravated indecent assault – complainant less than 16-years-old;[2] and, 10 counts of indecent assault – complainant less than

---

[1] 18 Pa. C.S.A. § 3121(c).

[2] 18 Pa. C.S.A. § 3125(a)(8).

- 2 -

13-years-old.[3]  On February 4, 2022, the trial court sentenced Appellant to an

aggregate sentence of three to six years' incarceration.[4]  This timely appeal

followed.[5]

_____

[3] 18 Pa. C.S.A. § 3126(a)(8).

[4] The trial court entered an order on February 4, 2022, reflecting that the
Sexual Offenders Assessment Board determined that Appellant did not meet
the criteria for a Sexually Violent Predator.  **See** Trial Court Order, 2/4/22, at
1.

[5] The trial court entered an order on March 3, 2022, directing Appellant to file
a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.
1925(b) within 25 days of entry of the order.  **See** Trial Court Order, 3/3/22,
at 1.  Then, on March 25, 2022, the trial court entered another order, again,
directing Appellant to file a concise statement of errors complained of on
appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the second order.  **See**
Trial Court Order, 3/25/22, at 1.  Appellant filed a 1925(b) statement on March
28, 2022, in which he stated:

> Counsel has planned all along to challenge the sentence of adult
> incarceration to the extent that it was for offenses committed
> as a juvenile, under the guidance of **Miller v. Alabama**, 567
> U.S. 460 (2012)[.]

Appellant's 1925(b) Statement, 3/28/22, at 1.  Counsel, however, also
requested the court to "extend the deadline for filing a final [1925(b)
statement] until [10] days after receipt of the [trial] transcripts" or until May
23, 2022.  **Id.**  The trial court apparently granted Appellant's request,
although a record of such an order does not appear within the certified record
or on the trial court docket.  **See** Trial Court's Opinion, 6/6/22, at *1
(unpaginated) ("We granted the extension and now, belatedly, file this opinion
in support of our earlier orders.").  On May 16, 2022, Appellant filed a
supplemental Rule 1925(b) statement, in which he raised an additional issue
that he also presents on appeal.  Because Appellant filed his initial concise
statement within 25 days of the trial court's March 3, 2022 order, and because
the trial court stated in its Rule 1925(a) opinion that it granted Appellant's
request for an extension to file a final concise statement, we conclude that
Appellant and the trial court have complied with the requirements of Pa.R.A.P.
1925.

Appellant raises the following issues on appeal:

1. When the Commonwealth produced a recorded statement of the [complainant] on the evening before trial and the recording was inaudible and the defense asked for a continuance to listen to the recording, did the trial court abuse its discretion and deny [Appellant] a fair trial by refusing to grant a continuance?

2. Does the [Supreme Court of the United States'] decision in *Miller v. Alabama*[, 567 U.S. 460 (2012)] mandate a different treatment of juvenile offenses that do not materialize until after [Appellant was] an adult?

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred in denying his motion for a continuance after the Commonwealth failed to produce the recorded videotape interview of the victim until the day before trial. Appellant's Brief at 7. Appellant claims he was subjected to a "trial by ambush" because the recorded interview was inaudible and the late disclosure prevented him from fully reviewing the recording before trial. *Id.* at 8. We disagree.

"We note that questions involving discovery in criminal cases lie within the discretion of the trial court." *Commonwealth v. Rucci*, 670 A.2d 1129, 1140 (Pa. 1996), *cert. denied*, 520 U.S. 1121 (1997). Pennsylvania Rule 573 of Criminal Procedure provides, in relevant part, as follows:

(B) **Disclosure by the Commonwealth.**

(1) **Mandatory**. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information,

- 4 -

provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

* * *

(g) any tangible objects, including documents, photographs, fingerprints or other tangible evidence[.]

Pa.R.Crim P. 573(B)(1)(g). If a party fails to comply with Rule 573(B), the court may

grant a continuance, or may prohibit such a party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order it deems just under the circumstances.

Pa.R.Crim P. 573(E).

In this instance, a year before trial, Appellant asked the Commonwealth to produce a recorded interview with the victim, which was referenced in the police report. **See** N.T. Trial, 8/26/21, at 3. Yet, the Commonwealth failed to produce the recorded interview to Appellant until approximately 4:00 p.m., the day before trial. **Id.** Delayed production of materials subject to mandatory disclosure "'does not[, however,] automatically entitle [A]ppellant [to relief].'" **Commonwealth v. Causey**, 833 A.2d 165, 171 (Pa. Super. 2003) (citation omitted). To obtain relief, Appellant must show prejudice. **Id.** To establish prejudice, Appellant "must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure." **Id.**

Herein, Appellant argues that the Commonwealth's disclosure, the afternoon before trial, of the inaudible recorded interview resulted in "trial by ambush" because he did not have enough time to review its contents. Appellant's Brief at 8. Appellant claims that the recorded interview was a "**potential** gold mind" because the way the victim "expressed herself a couple of years earlier **might** be crucial" and "**might** be helpful to the defense." *Id.* at 8-9 (emphasis added). In so doing, however, Appellant demonstrates the speculative nature of his current argument because he fails to articulate, concretely and in tangible terms, "how a more timely disclosure would have affected his trial strategy." *Causey*, 833 A.2d at 171. Moreover, as admitted by Appellant, the Commonwealth represented that the recorded interview was "generally consistent with the police report and her testimony at the preliminary hearing (of which both counsel had a copy)." Appellant's Brief at 8; *see also* N.T. Trial, 8/26/21, at 5 (the court inquiring if the Commonwealth "made a representation to counsel that the tape is fair and accurate, as an officer of the court," to which the prosecutor answered in the affirmative). Appellant did not contest the Commonwealth's representation and specifically stated:

> I understand that the [Commonwealth] represented that he heard it better and it does not contradict anything in the police report. I trust him on that. I would be shocked if there was anything dynamite in there.

*Id.* at 4-5. In light of counsel's admission, as well as the fact that the Commonwealth did not seek to admit the recorded interview during trial, we

conclude that Appellant is unable to demonstrate that he was prejudiced by the untimely disclosure.[6]

In his second issue, Appellant argues that the trial court's decision to sentence Appellant as an adult even though the crimes in question occurred, for the most part, while he was a juvenile, "is inherently troubling" in light of the United States Supreme Court's decision in **Miller**, which held that the imposition of a life sentence without the possibility of parole upon a juvenile homicide defendant violated the Eighth Amendment. **See** Appellant's Brief at 13. While Appellant attempts to frame this issue as a constitutional claim, upon review, it is apparent that he is raising a challenge to the discretionary aspects of his sentence. Indeed, Appellant concedes that **Miller**'s "precise holding . . . does not apply to this case" and that "Pennsylvania law prohibits decertification to [j]uvenile [c]ourt once [a] defendant 'ages out.'" **Id.** at 10 and 12; **see Commonwealth v. Monaco**, 869 A.2d 1026, 1030 (Pa. Super. 2005) (holding that the Juvenile Act was inapplicable because at the time the appellant was tried and sentenced, he was above the age of 18). Appellant, therefore, acknowledges that he is not entitled to constitutional relief and yet, still argues that a trial court "can[] and should . . . take into account the age at which [a] defendant commit[s] offenses" and that, in this case, a "more

_____

[6] We also note that, by the time Appellant filed his appellate brief, he had more than enough time to review the recorded interview and determine whether the victim's statement diverged, in any way, from that of the police report and her testimony during the preliminary hearing. The fact that Appellant does not include any such argument on appeal undercuts his current claim.

constructive sentence for the offenses committed as a juvenile was warranted." Appellant's Brief at 13. Hence, Appellant is essentially alleging that the trial court abused its discretion by failing to consider mitigating factors *i.e.*, Appellant's age when the crimes occurred, in issuing his sentence. As such, we conclude that Appellant's remaining claim raises a challenge to the discretionary aspects of his sentence and will address his claim on this basis.

This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> >
> > > We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [***Moury***, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to raise a challenge to the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is considered waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the sentencing code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

In this instance, Appellant failed to preserve, for appellate review, his challenge to the discretionary aspects of his sentence. Indeed, following the issuance of his sentence on February 4, 2022, Appellant did not file a post-sentence motion. In addition, Appellant's brief contains a "fatal defect," as it does not contain a Rule 2119(f) statement in his brief and the Commonwealth objected. **See** Commonwealth's Brief at 6; **see also Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) ("If a defendant fails to include an issue in a Rule 2119(f) statement and the Commonwealth objects, the issue is waived and this Court may not consider it."). Based upon the foregoing, we deem this issue to be waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2023