J-A13023-23

2023 PA Super 187

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LUIS GABRIEL TORRES JR. | : | |
| Appellant | : | No. 962 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 18, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005092-2018

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY BOWES, J.:            **FILED: SEPTEMBER 27, 2023**

I agree with my esteemed colleagues that Appellant's judgment of sentence should be affirmed.  Further, I fully join the Majority's resolution of Appellant's final issue challenging the discretionary aspects of his sentence. ***See*** Majority Opinion at 10-13.  I write separately because I would resolve Appellant's other two claims differently.

Appellant first argues that the trial court should have granted his motion to dismiss because his due process rights under the U.S. and Pennsylvania constitutions were violated when the Commonwealth's filed criminal charges against him nine years after it received complaints about acts that he committed at ages thirteen through fifteen.  As its basis for rejecting it, the Majority cites ***Commonwealth v. Armolt***, 294 A.3d 364 (Pa. 2023), in which

---

[*] Former Justice specially assigned to the Superior Court.

our High Court held that the adult criminal court had jurisdiction to try, convict, and sentence forty-two-year-old Armolt for crimes that he committed when he was a juvenile. *See* Majority Opinion at 5-6. However, in reaching that decision, the *Armolt* Court deemed waived for lack of development, and therefore did not resolve, Armolt's claims that subjecting him to criminal punishment for crimes committed while he was a juvenile violated constitutional guarantees of due process, equal protection, and freedom from cruel and unusual punishment. *See Armolt*, *supra* at 379-80.

Unlike Armolt, Appellant does not contend that the trial court lacked jurisdiction to try him as an adult for offenses he committed as a juvenile. Indeed, he expressly concedes that "the adult criminal justice system had jurisdiction over [him]." Appellant's brief at 34-35. Rather, Appellant raises a constitutional challenge to his belated prosecution that Armolt had waived. Specifically, Appellant argues that the delay in prosecuting him violated his due process rights because he suffered actual prejudice from the delay and the Commonwealth proffered no reasonable basis for it. *See* Appellant's brief at 29-34 (citing, *inter alia*, **Commonwealth v. Wright**, 865 A.2d 894, 901 (Pa.Super. 2004) ("[P]re-arrest delay constitutes a due process violation where there has occurred actual prejudice to the defendant and there existed no proper reasons for postponing the defendant's arrest." (cleaned up)).

Accordingly, I cannot agree with my colleagues that the **Armolt** decision informs our resolution of Appellant's due process claim. Instead, I would

affirm the denial of Appellant's motion to dismiss based upon the reasoning of the trial court. ***See*** Trial Court Opinion, 7/28/22, at 7 (explaining that, even if Appellant were able to establish actual prejudice, there was nothing improper about the delay, as the singe victim who made a report in 2009 failed to stand by her allegations during a subsequent forensic interview, and charges were promptly filed in 2018 when Appellant's siblings next alleged abuse and substantiated the claims). ***Accord Commonwealth v. Monaco***, 869 A.2d 1026 (Pa.Super. 2005) (holding there was no merit to due process claim raised in connection with adult prosecution for offenses committed by juvenile where there was no improper motivation for the delay);[1]

_____

[1] This Court in ***Commonwealth v. Monaco***, 869 A.2d 1026 (Pa.Super. 2005), analyzed the due process claim without expressly applying the framework for pre-arrest delay discussed in ***Commonwealth v. Snyder***, 713 A.2d 596 (Pa. 1998), and ***Commonwealth v. Wright***, 865 A.2d 894 (Pa.Super. 2004), namely determining whether there was actual prejudice to the defendant and no proper reasons for postponing the arrest. The ***Armolt*** Court, while not deciding the due process claim, did discuss ***Monaco*** and its "'bad faith' exception" to the rule that adults can be tried for juvenile conduct. ***Commonwealth v. Armolt***, 294 A.3d 364, 374 n.13 (Pa. 2023). However, ***Armolt*** neither (1) examined the due process precedent such as ***Snyder*** and ***Wright*** that generally applicable to claims of pre-arrest delay in connection with its due-process assessment, nor (2) decided the continued viability of ***Monaco***'s "improper motive" inquiry divorced from that precedent. ***Id***. ("[W]e express no opinion about [***Monaco***'s] viability; we merely conclude appellant failed to show the Commonwealth acted in bad faith here, so the plain language of the statute controls.").

Justice Wecht in his concurrence, joined by Justice Donohue, considered at length the possible legal basis for ***Monaco***'s exception, observing that "such a rule serves a vital interest," and "should be examined in an appropriate case." ***Id***. at 386 (Wecht, J. concurring). I do not think this is that case.
*(Footnote Continued Next Page)*

- 3 -

*Commonwealth v. Anderson*, 630 A.2d 47 (Pa.Super. 1993) (reversing dismissal of charges against adult for offenses committed as a child where the appellant was responsible for the delay due to his "deliberate avoidance of the justice system").[2]

My disagreement with the Majority's resolution of Appellant's second issue is in a similar vein. There, Appellant argues that (1) a ten-year mandatory minimum sentence, and (2) an aggregate term of nineteen to forty years of incarceration, imposed for the repeated sexual abuse of his much-younger siblings while he was a young teenager, constitutes cruel and unusual punishment. *See* Appellant's brief at 35-58.

---

Nonetheless, as the author of *Monaco*, I submit that the same due process guarantees that require dismissal of prosecutions based upon pre-arrest delay inform the *Monaco* exception. As there is no indication of improper motives for delaying Appellant's prosecution in this case, I need not expound upon whether being subjected to criminal sentencing rather than juvenile disposition can itself amount to actual prejudice under *Snyder* and *Wright*. I note that Justices Wecht and Donohue suggest that it cannot. *Id*. at 393 (Wecht, J., concurring) ("Armolt could claim no right (constitutional, statutory, or otherwise) to a juvenile disposition of his charges. Consequently, Armolt is entitled to no comparison between the way his case proceeded and how it would have proceeded in juvenile court. . . . Armolt [cannot] establish that his sentence constituted an equal protection or due process violation; the law does not demand that he be tried as a juvenile in the first instance").

[2] The Commonwealth contends that Appellant, like the defendant in *Commonwealth v. Anderson*, 630 A.2d 47 (Pa.Super. 1993), is himself responsible for the delay. Specifically, the Commonwealth cites Appellant's silencing threats to his young siblings over whom he had authority as the reason the Commonwealth lacked evidence to prosecute in 2009. *See* Commonwealth's brief at 14-16. The trial court did not cite this as the basis for its denial.

Specifically, Appellant relies upon **Miller v. Alabama**, 567 U.S. 460 (2012), and its progeny in asserting that "'a sentencer must have discretion to consider youth before imposing' sentence."[3] Appellant's brief at 43 (quoting **Jones v. Mississippi**, 141 S.Ct. 1307, 1316 (2021) (emphasis omitted)). He therefore urges us to declare that the Eighth Amendment of the federal Constitution, and Article I, § 13 of the Pennsylvania Constitution: (1) "require a criminal court to consider the diminished culpability of youth when imposing a sentence where the defendant committed the crime as a child;" and (2) "forbid the application of mandatory minimum sentences to defendants who committed their crimes as children." Appellant's brief at 58.

In declining Appellant's request, the Majority asserts that so ruling would run afoul of our Supreme Court's plurality decision in **Commonwealth v. Resto**, 179 A.3d 18 (Pa. 2018). **See** Majority Opinion at 9. As the Majority correctly observes, three of the five Justices who participated in deciding **Resto** agreed that 18 Pa.C.S. § 9718, which requires a mandatory minimum sentence of not less than ten years for persons convicted of, *inter alia*, rape of a child, does not violate the Sixth Amendment's prohibition against judicial fact-finding recognized in **Alleyne v. United States**, 570 U.S. 99 (2013).

---

[3] The **Miller** Court held that mandatory life imprisonment without parole for people who were juveniles at the time of their crimes constitutes cruel and unusual punishment given the hallmark, yet usually transient, features of youth such as "immaturity, impetuosity, and failure to appreciate risks and consequences." **Miller v. Alabama**, 567 U.S. 460, 477 (2012).

*See* Majority Opinion at 9 n.8. However, the **Resto** Court did not review § 9718 pursuant to the Eighth Amendment.

The Majority also rejects Appellant's Eighth Amendment challenge to § 9718 because it finds the decisions upon which Appellant relies inapplicable since they involve **life** sentences for juveniles tried as adults rather than lesser terms. **See** Majority Opinion at 9-10. Further, the Majority reiterates that Appellant "was not entitled to any special sentencing benefits under the Juvenile Act." **Id**. at 10 (citing **Armolt**, **supra**).

Respectfully, I fail to see how our High Court's **Resto** decision has any relevance to the instant appeal. No claim of cruel and unusual punishment was raised in that case. The fact that the mandatory minimum statute at issue survived a Sixth Amendment challenge does not make it impervious to attack on other constitutional bases. Further, since jurisdiction is not at issue in the case *sub judice*, and, as discussed above, that was the only issue decided in **Armolt**, that case also does not supply relevant guidance to this constitutional challenge.

Even so, I find the learned Majority's election not to make the declarations of unconstitutionality that Appellant seeks to be correct. The Supreme Court's **Miller** decision, even by extension of its foundational recognition of the transience of youth and its attendant lack of sound decision-making, did not invalidate the imposition of **all** mandatory sentences upon juvenile offenders, only those which "irrevocably sentenc[e] them to a lifetime

in prison." ***Miller***, ***supra*** at 479. When the Commonwealth does not seek a sentence of life without the possibility of parole, "[t]he sentencing court is not required to consider the ***Miller*** factors[.]" ***Commonwealth v. Summers***, 245 A.3d 686, 693 (Pa.Super. 2021). Furthermore, Appellant's argument that a ten-year mandatory minimum sentence for a juvenile convicted of rape of a child violates the Eighth Amendment requirements established by ***Miller*** and its progeny has already been implicitly rejected by our holding that the ***Miller*** decision bore no relevance to a challenge to the thirty-year mandatory minimum for second-degree murder. ***See Commonwealth v. Derrickson***, 242 A.3d 667, 678–79 (Pa.Super. 2020).

I also discern no merit in Appellant's ***Miller***-based Eighth Amendment attack upon his aggregate sentence. As the Majority properly notes in resolving Appellant's discretionary aspects claim, the trial court here thoroughly considered the mitigating factor of Appellant's youth, along with the other pertinent evidence, in determining the sentence best suited to meeting his rehabilitative needs. ***See*** Majority Opinion at 12-13. Indeed, the trial court "extensively considered . . . Appellant's youth at the time of the commission of his offenses" in arriving at the aggregate sentence it deemed necessary and appropriate in light of all of the sentencing factors. ***See*** Trial Court Opinion, 7/28/2, at 13-14. Thus, the trial court in fact undertook the very consideration of youth that ***Miller*** would require.

Moreover, the punishment imposed upon Appellant is not out of proportion with Appellant's conduct. As the trial court indicated, "Appellant preyed upon three minor children of a very tender age," and there was "an inherent cruelty [to] his conduct" given the position of authority that he held as a caregiver. *Id*. at 14. With all sentences falling within the standard range and all running currently but for one, Appellant will serve a fraction of the time that the court could have lawfully imposed. There is no manifest abuse of discretion here, let alone so harsh a sentence as to be unconstitutionally cruel and unusual.

It is for these reasons that I would affirm Appellant's judgment of sentence.