J-A09034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS C. SIMONCIC, JR. | : | |
| | : | |
| Appellant | : | No. 594 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001376-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: August 20, 2024**

Appellant Douglas C. Simoncic, Jr. appeals from the judgment of sentence imposed following his convictions for one count of aggravated indecent assault and two counts each of involuntary deviate sexual intercourse (IDSI) with a child, unlawful contact with a minor, and indecent assault – child less than thirteen.[1]  Appellant argues that he was denied due process and equal protection because he was prosecuted as an adult for acts he committed as a juvenile and claims that his sentence constitutes cruel and unusual punishment.  We affirm.

The underlying facts of this matter are well known to the parties.  **See** Trial Ct. Op., 9/20/23, at 5-9.  Briefly, Appellant was arrested and charged with multiple offenses based on allegations that he sexually abused two minor

---

[1] 18 Pa.C.S. § 3125(a)(1), 3123(b), 6318(a)(1), and 3126(a)(7), respectively.

victims between 2007 and 2009. ***See id.*** Following a jury trial in October of 2022, Appellant was convicted of the aforementioned offenses.

On January 5, 2023, the trial court sentenced Appellant to an aggregate term of ten to thirty years' incarceration. Appellant filed a timely post-sentence motion, which the trial court subsequently denied.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Appellant was prosecuted when he was an adult for acts committed as a juvenile. Was his prosecution, under our state and federal constitutions, an affront to the fundamental notions of "fair play" inherent in the guarantee of Due Process, and, also, a denial of the equal protection of the laws?

2. The trial court imposed a "very adult sentence" of 10 to 30 years' imprisonment upon Appellant for acts the jury found were committed roughly 15 years prior when he was either 16- or-17- years old. Given that sentence—

   a. Was the sentence illegal, under both our state and federal constitutions, being that it was both cruel and unusual for a juvenile offender, and disparate and more drastic than what a similarly situated juvenile offender may expect facing a timely juvenile adjudication?

   b. Was the sentence unduly harsh and a manifest abuse of discretion, where the trial court's application of the sentencing guidelines was "clearly unreasonable," and the trial court was applying the guidelines erroneously under the circumstances?

Appellant's Brief at 4-5.

In his first claim, Appellant argues that he was "denied due process and equal protection of the laws by being prosecuted as an adult for crimes committed as a juvenile." *Id.* at 42. Specifically, Appellant claims that it was "fundamentally unfair" to prosecute "a 32-year-old man for crimes committed 16 years prior when he was a child. That's particularly so where the Commonwealth has otherwise elected for decades 'to provide a distinctive procedure and setting to deal with the problems of youth.'" *Id.* at 45. Further, Appellant contends that he was denied equal protection under law because "the differing treatment of juvenile offenders based on the timing of their prosecution lacks all rationality." *Id.* at 54 (emphasis omitted).

This Court has explained:

A challenge concerning the application of a statute, such as the Juvenile Act, presents a question of law for which our standard of review is *de novo* and our scope of review plenary. **Commonwealth v. McGarry**, 172 A.3d 60, 68 (Pa. Super. 2017); **see also Commonwealth v. Monaco**, 869 A.2d 1026, 1029 (Pa. Super. 2005) (stating, "[t]he right to be treated as a juvenile offender is statutory rather than constitutional").

The Juvenile Act affords protections to a child, as defined by the statute, and, as such, the Juvenile Act expressly limits its jurisdiction to proceedings involving a child, notwithstanding his or her age at the time the offense occurred. 42 Pa.C.S. § 6303. Section 6302 of the Juvenile Act defines a "child," *inter alia*, as "[a]n individual who [ ] is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years[.]" 42 Pa.C.S. § 6302. It is well-established that, absent proof of an improper motivation for a delay in prosecution, a defendant who committed a crime as a child, but was not charged until after achieving the age of 21 years, can be tried as an adult in the criminal court and cannot benefit from the protections afforded by the Juvenile Act. **Monaco**, 869 A.2d at 1029-1030

(holding that, the applicability of the Juvenile Act is based upon the defendant's age at the time of arrest)).

***Commonwealth v. Renninger***, 269 A.3d 548, 562 (Pa. Super. 2022) (some formatting altered, some citations omitted); ***see also Commonwealth v. Armolt***, 294 A.3d 364, 372 (Pa. 2023) (reiterating that the Juvenile Act "plainly extends juvenile jurisdiction to offenders who committed an offense while under the age of eighteen only if they are prosecuted before turning twenty-one").

Here, the trial court addressed Appellant's claim as follows:

> In ***Renninger***, the Pennsylvania Superior Court addressed a due process claim related to the prosecution of Renninger as an adult for offenses committed twenty-one years earlier as a juvenile. In discussing this, and other constitutional challenges raised on appeal, the Superior Court reiterated the well-established principle that "absent proof of an improper motivation for a delay in prosecution, a defendant who committed a crime as a child, but was not charged until after achieving the age of 21 years, can be tried as an adult in the criminal court and cannot benefit from the protections afforded by the Juvenile Act." Id. at 562; citing ***Commonwealth v. Monaco***, 869 A.2d 1026, 1029-1030 (Pa. Super. 2005). As the Juvenile Act is contingent on the age of the person at the time of the arrest, the Court found there was no validity to Renninger's claim that he should have benefitted from the juvenile system as a 33-year-old male. Consequently, the Superior Court dismissed the constitutional challenge, and affirmed the lower court's denial of the motion to quash the criminal information.

Trial Ct. Op. at 3.

> [T]his [c]ourt applied the precedent as reflected in both ***Renninger*** and ***Monaco***, which collectively addressed both due process and equal protection claims under these circumstances. Both Courts rejected [the] appellants' due process claims, looking to the clear language of the Juvenile Act that expressly limits its jurisdiction to those under 21 years old at the time of arrest, notwithstanding the age of the defendant at the time of the commission of the offense. 42 Pa.C.S. § 6301. The ***Monaco***

Court addressed and likewise dismissed an equal protection claim citing the same jurisdiction limitations. In so holding, the **Monaco** Court reiterated that Juvenile Court jurisdiction is determined by the defendant's age when the proceedings commence. **Monaco**, 869 A.2d at 1031. 42 Pa.C.S. § 6302(2) defines a child as an individual under age twenty-one who committed a delinquent act before reaching the age of eighteen. The [**Monaco**] Court held that [the appellant], who was an adult when charges were filed, was properly treated as an adult and was not denied equal protection of the law. The rationale of **Monaco**, **Renninger**, and **Armolt** all spoke to the absurd result that would follow if a defendant could not be prosecuted as an adult, or under the Juvenile Act, for sexual assault offenses involving delayed disclosure.

The same holds true here. The case commenced on January 17, 2019 when Appellant was 28 years old. The offenses for which he was convicted occurred when he ranged in age from sixteen to seventeen. As explained immediately above, Appellant who was an adult at the time he was charged with the offenses cannot benefit from the protections of the Juvenile Act as he did not meet the definition of a child at the time the case commenced. Thus, there was no violation of either his due process or equal protection rights as afforded under both the United States and Pennsylvania constitutions. Accordingly, there was "no cause appearing on the face of the record" that could allow for relief through a motion in arrest of judgment[.]

*Id.* at 10-11.

Here, as noted by the trial court, although Appellant committed the underlying offenses while he was sixteen and seventeen years old, he was not criminally charged until he turned twenty-eight years old. Yet, Appellant did not assert any improper motivation or delay by the Commonwealth in the timing of the prosecution and instead argued that the victims' family members were responsible for the delay. **See id** at 3. Accordingly, on this record, Appellant was not entitled to be tried in Juvenile Court, and the trial court did

not err when it denied Appellant's motion to dismiss.  **See Monaco**, 869 A.2d at 1029-30 (reiterating that "[t]he right to be treated as a juvenile offender is statutory rather than constitutional" and concluding that because the twenty-two-year-old defendant "properly was treated as an adult, he was not denied equal protection of the law"); **see also Armolt**, 294 A.3d at 372.  Accordingly, Appellant is not entitled to relief on this claim.

### Legality of Sentence

Appellant argues that his sentence is illegal because it constitutes "cruel and unusual punishment."  Appellant's Brief at 58.  In support, Appellant reiterates that he was a juvenile at the time he committed the underlying offenses and that his sentence "was heavy on retribution and incapacitation, which are lessened penological considerations precisely because of the offender's youthful characteristics.  This sentence, therefore, coupled with the limited culpability of juvenile offenders, establishes that the sentencing process that led to this outcome for [Appellant] was cruel and unusual."  **Id.** at 72-73.

"[A] claim that a sentence violates an individual's right to be free from cruel and unusual punishment is a challenge to the legality of the sentence."  **Commonwealth v. Brown**, 71 A.3d 1009, 1015-16 (Pa. Super. 2013) (citation omitted).  "Challenges to the legality of a sentence present pure questions of law; therefore, our standard of review is *de novo* and our scope of review is plenary."  **Commonwealth v. Olds**, 192 A.3d 1188, 1192 (Pa. Super. 2018) (citation omitted).

Here, as noted previously, although Appellant claims that he was subject to "cruel and unusual punishment" because he was sentenced as an adult rather than a juvenile, Appellant does not meet the statutory definition of a "child" under the Juvenile Act. *See* 42 Pa.C.S. § 6302(2); *Monaco*, 869 A.2d at 1029-1030. In any event, as this Court recently explained, defendants are "not entitled to any special sentencing benefits under the Juvenile Act." *Commonwealth v. Torres*, 303 A.3d 1058, 1064 (Pa. Super. 2023) (citation omitted). Therefore, Appellant is not entitled to relief on this claim.

**Discretionary Aspects of Sentence**

Appellant also argues that the trial court abused its discretion by erroneously applying the sentencing guidelines and "imposing a sentence contemplated for adults on an adult who was convicted of acts committed as a juvenile." Appellant's Brief at 75. Appellant argues that because the sentencing guidelines apply to adult offenders, "their application under the circumstances was "'clearly unreasonable' and 'erroneous,' *see* 42 Pa.C.S. § 9781(c)(1), (2), and the resulting sentence unduly harsh and manifestly unreasonable." *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for

allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in

his brief. **See Corley**, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. **Commonwealth v. Hicks,** 151 A.3d 216, 227 (Pa. Super. 2016) (citation omitted) (stating that "[w]hile a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question").

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

- 9 -

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all

appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court addressed Appellant's claim as follows:

> Appellant's claim of error does not allege that the court failed to consider or properly weigh mitigation or other mandated factors, but that the guidelines should have been disregarded in light of his age at the time the offenses were committed. Such a proposition is contrary to current law and the principles that guide a court's sentence. At the sentencing hearing, counsel for Appellant continued with their position that special consideration should be afforded to Appellant when considering the guidelines, going as far as to ask the court to look "at [Appellant] as a juvenile." (Sentencing Transcript (S.T.), January 5, 2023, p.18, 64-75). As reflected by the court's comments during sentencing, it recognized that the convictions were for offenses committed when Appellant was a minor, and in fact stated that it was a significant mitigating factor. (S.T. 91-93). However, at the same time, Appellant's age at the time does little or nothing to lessen the trauma experienced by the victims, which continues to this day.

> Appellant came before the court at the time of sentencing as a 32-year-old man convicted of sexually assaulting L.B. and S.B. over

the course of several years. Appellant was their uncle and a trusted family member who took advantage of this relationship. The court considered all sentencing factors set forth in 42 Pa.C.S. § 9721(b), the sentencing guidelines, as well as the sentencing memorandums prepared on behalf of Appellant and by the Commonwealth. (S.T. 19-21). Appellant was supported by numerous friends and family who submitted letters to the court and also spoke during the hearing in support of his character and nature. (S.T. 21-42). Through the victim impact statements of both S.B. and L.B., as well as their parents, the court heard about the heavy emotional impact that these offenses have had on the family.

Pursuant to 42 Pa.C.S. § 9721, a court has discretion to impose sentences consecutively or concurrently. To sentence Appellant only for the abuse perpetrated against S.B. without any further penalty for the crimes for which the jury found him guilty, including those against L.B., is simply an inadequate reflection of the repeated sexual abuse committed by Appellant against both minors. Appellant's actions were separate crimes, committed at different times, against two children, and justice required a sentence be imposed for each offense. Appellant was in a position of authority and trust at the time of the offenses, and he used it to facilitate opportunities to commit these acts. The court properly considered these facts along with the mitigation offered on behalf of Appellant. There was no abuse of discretion in the court's imposition of mitigated range sentences which resulted in an aggregate sentence of 10-30 years.

Trial Ct. Op. at 15-16 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253-54. As noted previously, Appellant did not meet the statutory definition of a juvenile when he was charged with the offenses in the instant case. Therefore, to the extent Appellant claims that the trial court imposed an excessive sentence by applying the adult sentencing guidelines, his claim is meritless. *See Torres*, 303 A.3d at 1064. For these reasons, we affirm the judgment of sentence.

- 12 -

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/20/2024